**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JAN 23 2023

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALAN NAVASCA SERINO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 16-72392 <br> 17-71881 <br><br> Agency No. A200-154-269 <br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted January 18, 2023[**]

Before:     GRABER, PAEZ, and NGUYEN, Circuit Judges.

In this consolidated case, Alan Navasca Serino, a native and citizen of the

Philippines, petitions pro se for review of the Board of Immigration Appeals'

("BIA") orders dismissing his appeal from an immigration judge's decision

denying his applications for asylum, withholding of removal, and protection under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT") (petition No. 16-72392) and the BIA's order denying his motion to reconsider (petition No. 17-71881). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). In 16-72392, we deny in part and dismiss in part the petition for review. In 17-71881, we deny the petition for review.

As to petition No. 16-72392, we do not disturb the agency's determination that Serino failed to establish he suffered harm that rises to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive"); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). We lack jurisdiction to consider Serino's contention that he was a child soldier and this experience constituted past persecution because he failed to raise this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's determination that Serino did not

establish that the government of the Philippines is unable or unwilling to control the agents of any feared persecution. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (record did not compel a finding that the government was unwilling or unable to control the feared harm).

Thus, Serino's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because Serino failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to the Philippines. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As to petition No. 17-71881, the BIA did not abuse its discretion in denying the motion to reconsider because Serino failed to identify any error of fact or law in the BIA's prior decision denying Serino's motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) ("A petitioner's motion to reconsider must identify a legal or factual error in the BIA's prior decision.").

We do not consider the materials Serino references in his opening briefs that are not part of the administrative records. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION NO. 16-72392: DENIED in part; DISMISSED in part.**

**PETITION NO. 17-71881: DENIED.**